UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLEVELAND LAWSON                                    CIVIL ACTION

VERSUS                                              NO. 16-16909

DARRYL VANNOY                                       SECTION "R" (4)

# ORDER

The Court has reviewed *de novo* the petition for *habeas corpus*,[1] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[2] and the petitioner's objections.[3]  The Magistrate Judge correctly determined that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act.[4]  Petitioner's objections simply rehash arguments made before the Magistrate Judge and are without merit.[5]  Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as its opinion herein.

---

1   R. Doc. 1.
2   R. Doc. 13.
3   R. Doc. 14.
4   R. Doc. 13.
5   R. Doc. 14.  Petitioner contends that his ineffective assistance of counsel claim rests on unknown facts related to a possible *Batson* violation. *See id.* at 3.  Petitioner's objections could be construed to argue that his claim is timely under 28 U.S.C. § 2244(d)(1)(D) because he did not discover the factual predicates of his claim until after his conviction became final. But this argument is without merit because petitioner does not indicate that

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because petitioner's claims are time-barred, he has not made a substantial showing of the denial of a constitutional right.

---

he has any newly discovered evidence. Petitioner based his untimely petitions in state and federal court on the racial composition of his jury, which is not a newly discovered fact. *See* R. Doc. 1 at 14, 23, 37, 48; *see also Manning v. Epps*, 688 F.3d 177, 190 (5th Cir. 2012) (noting that the factual predicates of petitioner's *Batson* claim were evident during his trial). To the extent that plaintiff continues to seek more information about the composition of the jury venire, this does not excuse his late filing.

Accordingly, IT IS ORDERED that the petition for *habeas corpus* is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __24th__ day of October, 2017.

    _____
    SARAH S. VANCE
    UNITED STATES DISTRICT JUDGE